UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CARL BARRETT,

        Plaintiff,

        v.                              Case No. 20-C-1128

ARMOR CORRECTIONAL HEALTH, INC.,
MERCY MAHAGA, and
MAHEDA GONE,

        Defendants.

## SCREENING ORDER

    Plaintiff Carl Barrett, who is currently serving a state prison sentence at Green Bay Correctional Institution and who is representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated while he was incarcerated at the Milwaukee County Jail. This matter comes before the court on Barrett's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

    This case is currently assigned U.S. Magistrate Judge William Duffin. Although Barrett consented to Judge Duffin hearing and deciding the case, Defendants have not yet had the opportunity to decide whether to consent because, until now, the court has not screened the complaint and decided whether it should be served on any of the Defendants. Because both parties have not yet consented to Judge Duffin hearing the case, the clerk's office has referred the case to this district judge to screen the complaint. After the court screens the complaint, it will return the case to Judge Duffin for further proceedings.

## MOTION TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

Barrett has requested leave to proceed without prepayment of the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. § 1915(b)(1). Barrett has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. § 1915(a)(2), and has been assessed and paid an initial partial filing fee of $4.46. Barrett's motion for leave to proceed without prepaying the filing fee will be granted.

## SCREENING OF THE COMPLAINT

The court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). In screening a complaint, the court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

A complaint must contain sufficient factual matter "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more

2

than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

### ALLEGATIONS OF THE COMPLAINT

Barrett alleges that, in May 2017, he was an inmate at the Milwaukee County Jail after having been shot in his pinky finger. Barrett asserts that he was examined by defendant Dr. Mercy Mahaga, who refused to properly treat his injury. He says he was in a lot of pain for days. Dr. Mahaga allegedly gave him Tylenol, but he told her that it was not working. Barrett says his finger became infected and was leaking green fluid. He asserts that Dr. Mahaga tried to squeeze out the green fluid and then sent him back to his pod with Tylenol.

Barrett states he was then seen by defendant Dr. Maheda Gone. He says he told Dr. Gone that he was in a lot of pain. He asserts that, by the time he saw Dr. Gone, there was a hole in his finger and the bone was visible. Dr. Gone allegedly did nothing to treat the infection. Barrett states that, because Dr. Mahaga and Dr. Gone failed to treat the infection, his finger had to be amputated.

### THE COURT'S ANALYSIS

"To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this

deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). Barrett states a claim against Dr. Mahaga and Dr. Gone based on his allegations that their treatment of the injury to his finger was constitutionally inadequate. It is not clear from Barrett's complaint if he was a pretrial detainee or a prisoner when he was at the jail. If he was a pretrial detainee, his claim arises under the Fourteenth Amendment and will be analyzed under an objective reasonableness standard. *McCann v. Ogle County, Illinois*, 909 F.3d 881, 886 (7th Cir. 2018). If he was a prisoner, his claim arises under the Eighth Amendment and will be analyzed under a deliberate indifferent standard. *Gabb v. Wexford Health Sources, Inc.*, 945 F.3d 1027, 1032-33 (7th Cir. 2019).

Barrett does not, however, state a claim against Armor Correctional Health, Inc. It appears that the only reason Barrett sued Armor was because it employs Dr. Mahaga and Dr. Gone. The Seventh Circuit has long held that an employer cannot be sued solely on the basis that its employees deprived someone of their civil rights. *Rodriguez v. Plymouth Ambulance Service*, 577 F.3d 816, 822 (7th Cir. 2009). Because Armor cannot be sued under a theory of respondeat superior or vicarious liability, the court will dismiss it from this case.

**IT IS THEREFORE ORDERED** that Barrett's motion for leave to proceed *in forma pauperis* (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Armor Correctional Health Inc. is **DISMISSED** because Barrett fails to state a claim against it.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint and this order upon the defendants Mercy Mahaga and Maheda Gone pursuant to Federal Rule of Civil Procedure 4. Barrett is advised that Congress requires the U.S. Marshals

4

Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2)–(3). Although Congress requires the court to order service by the U.S. Marshals Service precisely because *in forma pauperis* plaintiffs are indigent, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service. The U.S. Marshals Service will give Barrett information on how to remit payment. The court is not involved in the collection of the fee.

**IT IS FURTHER ORDERED** that the defendants Mercy Mahaga and Maheda Gone shall file a responsive pleading to the complaint.

**IT IS FURTHER ORDERED** that the agency having custody of the prisoner shall collect from his institution trust account the $345.54 balance of the filing fee by collecting monthly payments from Barrett's prison trust account in an amount equal to 20% of the preceding month's income credited to Barrett's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Barrett is transferred to another institution, the transferring institution shall forward a copy of this order along with Barrett's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where Barrett is confined.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will

scan and e-mail documents to the court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the court to the following address:

> Honorable William C. Griesbach
> c/o Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 125 S. Jefferson Street, Suite 102
> Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties. Therefore, failure to provide your correct address could result in dismissal of your case for failure to prosecute.

**IT IS FURTHER ORDERED** that this case is **RETURNED** to Magistrate Judge William Duffin for further proceedings.

Dated at Green Bay, Wisconsin this __28th__ day of August, 2020.

s/ William C. Griesbach<br>
William C. Griesbach<br>
United States District Judge