UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CARL BARRETT,

          Plaintiff,

    v.                                          Case No. 20-C-1128

ARMOR CORRECTIONAL
HEALTH SERVICES INC., et al.,

          Defendants.

# DECISION AND ORDER

      Plaintiff Carl Barrett, who is serving a state prison sentence at Green Bay Correctional Institution and is representing himself, filed this action pursuant to 42 U.S.C. §1983, alleging that his civil rights were violated while he was incarcerated at the Milwaukee County Jail. Defendants Armor Correctional Health Services Inc., Mahita Gone, and Mercy Mahaga (the Armor Defendants) moved for summary judgment on the ground that Barrett failed to exhaust the available administrative remedies before he initiated this lawsuit. Dkt. No. 37. Defendants Nancy Evans, Matthew McCoy, Janine Montoya, Devonta Townes, and Jackeline Velez (the County Defendants) also moved for summary judgment on the same ground. On June 3, 2021, the Court denied the Armor Defendants' motion and granted the County Defendants' motion. The Armor Defendants and Barrett have both filed motions for reconsideration. Dkt. Nos. 88, 91. The Court will deny both motions.

      **1.   The Armor Defendants' Motion for Reconsideration, Dkt. No. 88**

      The Armor Defendants filed a motion for reconsideration under Federal Rule of Civil Procedure 59(e), which requires a party to file a "motion to alter or amend a judgment" no more

"than 28 days after entry of judgment." The Court has not entered judgment, so Rule 59(e) does not apply. However, under Rule 54(b), the Court may, "at any time before the entry of judgment adjudicating all the claims and all the parties' rights and liabilities," revise an order "that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties." The Court will consider the Armor Defendants' motion under Rule 54 rather than under Rule 59.

The Court denied the Armor Defendants' motion for summary judgment after concluding that the administrative remedies were unavailable to Barrett because he did not receive responses to the many grievances he filed about alleged inadequate medical care. Dkt. No. 85 at 7-8. The Armor Defendants ask the Court to reconsider this conclusion. They assert that the Court improperly imposed a duty on the medical unit to respond to Barrett's grievances when the grievance procedures require only that a jail lieutenant respond to grievances. According to the Armor Defendants, Barrett received responses from a jail lieutenant to each of his grievances, and his failure to appeal those responses compels a conclusion that he failed to exhaust.

The Armor Defendants misunderstand the Court's decision. The Court did not conclude that the administrative remedies were unavailable because the *medical unit* failed to respond to many of Barrett's grievances. Instead, the Court concluded that, as required by the grievance procedures, *jail lieutenants* failed to respond to Barrett's grievances. Barrett was consistently informed by jail lieutenants that his grievances had been forwarded to the medical unit for a response, and more than once, a jail lieutenant attempted to investigate Barrett's grievances by forwarding them to the medical unit and asking for a response that could be forwarded to Barrett. The medical unit apparently ignored these requests, thwarting the jail lieutenant's efforts to respond to Barrett. Barrett received only acknowledgments that his grievances had been received and that responses would be forthcoming, yet no substantive response was ever sent. Contrary to

the Armor Defendants' characterization, the Court did not impose a duty on the medical unit to respond to Barret's grievances. The Court merely highlighted that the medical unit never provided requested information to the jail lieutenant, which is why the jail lieutenants never responded to Barrett's grievances.

The Court declines to construe the jail lieutenant's notice that Barrett's grievances had been received and forwarded for a response as a substantive response that Barrett should have appealed. "The Prison Litigation Reform Act was not meant to impose the rule of 'heads we win, tails you lose' on prisoner suits." *King v. McCarty*, 781 F.3d 889, 896 (7th Cir. 2015). As the Armor Defendants note, the jail's grievance procedures state that, "The grievance will be reviewed and answered by a lieutenant." Dkt. No. 89 at 3. Barrett never received an answer; he merely received notification that he would *eventually* receive an answer. But that answer never came, so the administrative remedies were unavailable to Barrett. *See Smith v. Buss*, 364 F. App'x 253, 255 (7th Cir. 2010) ("If prison officials prevent an inmate from exhausting administrative remedies by ignoring properly filed grievances or by impeding the use of the grievance system through actions such as withholding necessary forms, destroying inmate submissions, or announcing additional steps not mandated by regulation or rule, those remedies are not 'available' to the prisoner and he has not forfeited his ability to file suit."). The Court will deny the Armor Defendants' motion for reconsideration.

**2. Barrett's Motion for Reconsideration, Dkt. No. 91**

The Court granted the County Defendants' motion for summary judgment after concluding that Barrett had failed to complete every step in the grievance process. Dkt. No. 85 at 6-7. On June 17, 2021, Barrett filed a motion for reconsideration. Dkt. No. 91. He explains that, on May 13, 2021, he appealed his grievance to the jail captain as required by the grievance procedures. *Id.*

at 1.  And, on May 18, 2021, after receiving no response from the captain, he appealed his grievance to the jail commander.  *Id.*  Barrett asserts he made additional attempts to exhaust in June 2021, all of which were ignored.  *Id.* at 2.  According to Barrett, he "completed the exhaustion of the [jail] administrative requirement for exhaustion as of June 13, 2021 . . . ."  *Id.* at 3.

The Court will deny Barrett's motion for reconsideration.  "[E]xhaustion of administrative remedies is a precondition to the filing of a § 1983 suit by a prisoner."  *Dixon v. Page*, 291 F.3d 485, 489 (7th Cir. 2002).  Barrett initiated this lawsuit on July 23, 2020.  By his own admission, Barrett did not complete the exhaustion process until nearly a year later, in May or June of 2021.  Because Barrett did not complete the exhaustion process before he initiated this lawsuit, he may not pursue those claims in this case.

**IT IS THEREFORE ORDERED** that the Armor Defendants' motion for reconsideration (Dkt. No. 88) and Barrett's motion for reconsideration (Dkt. No. 91) are **DENIED**.

Dated at Green Bay, Wisconsin this 23rd day of June, 2021.

s/ William C. Griesbach<br>
William C. Griesbach<br>
United States District Judge