UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CARL BARRETT,

        Plaintiff,

    v.                                Case No. 20-C-1128

ARMOR CORRECTIONAL
HEALTH SERVICES, INC., et al.,

        Defendants.

## DECISION AND ORDER

Plaintiff Carl Barrett, who is confined at Green Bay Correctional Institution, is representing himself in this 42 U.S.C. §1983 action. He is proceeding on claims that arose while he was confined at the Milwaukee County Jail. On March 23, 2022, Barrett filed a motion "requesting the assistance of counsel" and a letter asking for copies of documents he filed in support of a prior motion. Barrett explains that corrections officers have taken his legal paperwork, and while he has asked opposing counsel to send him copies of some of the documents that were taken, he has not received a response. He also explains that he has been on a hunger strike because corrections officers have threatened to tamper with his food. He states that he is unable to use the law library because he is now required to wear leg irons, which he cannot do because, due to an injury, he is unable to bend his right knee. He also asserts that he has been placed in a cell next to an inmate who constantly bangs on the wall, the door, and the metal sink. According to Barrett, the constant noise triggers his PTSD and gives him migraines. Barrett "would like the Court to instruct [him] on how to proceed." Dkt. No. 116 at 4.

Discovery is now closed, and the summary judgment deadline is less than two weeks away. The Court reminds Barrett that he may file a summary judgment motion, but he is not required to do so. Because the plaintiff has the burden of proof at trial, it is generally the defendant who moves for summary judgment on the ground that the plaintiff lacks evidence to meet that burden. If Defendants file a summary judgment motion, they are likely to file documents in support of their motion. Defendants will mail the motion and supporting documents to Barrett. It is possible that the confiscated documents Barrett now seeks will be among the documents Defendants file in support of their motion.

Barrett is reminded that the case will survive and proceed to trial if he is able to demonstrate in his response materials that there is a dispute of material fact. Barrett has personal knowledge of the material facts of his case, so he should be able to identify which facts asserted by Defendants are in dispute and place them before the Court in the form of an unsworn declaration under penalty of perjury. *See* 28 U.S.C. § 1746. Barrett's communications with the Court have been clear and easy to understand, so there is no indication that Barrett lacks the capacity to identify facts that are in dispute. Because there is nothing Barrett must do right now, the Court will not recruit counsel at this time. If Defendants file a summary judgment motion and Barrett believes he is unable to identify the material facts that are in dispute, he may renew his motion. If he does so, he should be specific about the challenges he faces and why he believes he is unable to overcome those challenges on his own.

Finally, as a courtesy, the Court will provide Barrett with copies of the documents he filed on March 10, 2022. *See* Dkt. No. 114-1. However, Barrett is reminded that it is his responsibility to keep a copy of every document he files. In the future, if Barrett wants a copy of a filed

2

document, he will be required to prepay $0.10 per page before the Court will provide him with copies.

**IT IS THEREFORE ORDERED** that Barrett's motion for the assistance of counsel (Dkt. No. 116) is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that Barrett's letter request for copies of the documents he filed on March 10, 2022, *see* Dkt. No. 114-1, is **GRANTED**. The clerk's office will provide copies along with this order.

Dated at Green Bay, Wisconsin this <u>24th</u> day of March, 2022.

s/ William C. Griesbach
William C. Griesbach
United States District Judge